# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | **CIVIL NO. 1:CV-09-1932** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

### I. Background

On October 6, 2009, Frederick Collins ("Collins"), an inmate at the State Correctional Institution at Dallas (SCI-Dallas), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with the complaint, Collins submitted a document entitled "Statement of Facts" (Doc. No. 4), which has been construed as part of the complaint. Named as defendants are Pennsylvania Department of Corrections ("DOC") employees Jeffery Beard, Secretary and Dorina Varner, Chief Grievance Officer. Also named are the following SCI-Dallas employees: Jerome Walsh, Superintendent; Vincent Mooney, Deputy Superintendent; Rebecca Mooney, Program Supervisor; Ann Chiampi, School Principle; Lieutenant Patterson; and Correctional Officers Bath, Romonoski and Salsman. In the complaint, Collins alleges that on June 8, 2009, Defendant Salsman requested oral sex from him. Collins states that he called a sexual harassment hotline to report the incident. He claims that he also filed a grievance that was later denied by Defendant Paterson. Following the incident, Collins alleges that he was retaliated against for calling the hotline when he was issued a false misconduct for fighting with an unknown inmate. Following a hearing, he was found guilty of the misconduct and sanctioned to 30 days in the Restricted Housing Unit ("RHU"). While in the RHU, Collins claims that

Defendant Bath and other RHU officers subjected him to cruel and unusual punishment. He claims that the conditions were so bad that another inmate committed suicide. As relief, Collins seeks monetary damages.

Service of the complaint was directed on December 8, 2009, and waivers of service have been submitted on behalf of all Defendants. (Doc No. 16.) On February 16, 2010, Defendants filed a motion to dismiss the complaint. (Doc. No. 14.) A brief in support of the motion was also submitted. (Doc. No. 15.) Presently pending are motions filed by Collins seeking the appointment of counsel (Doc. No. 8), to amend the complaint (Doc. Nos. 18, 20), and for extension of time to oppose Defendants' motion to dismiss (Doc. No. 19).

## II.     Discussion

### A.     Motion for Counsel

Shortly after initiating this action Collins filed a motion seeking the appointment of counsel. (Doc. 8.) In the motion, he states that he does not have knowledge of the law and cannot afford to hire an attorney. He also claims that he fears imminent injury from the SCI-Dallas administration because he has filed this action.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example,

2

from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Collins' case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Collins' motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. Collins is clearly able to litigate this action on his own as evidenced by the docket in this case. He has filed motions, including his submission of motions to amend the complaint and for enlargement of time to oppose Defendants' motion to dismiss. While Collins argues that he has little legal knowledge, he sets forth legal argument and citation to relevant case law, thus clearly demonstrating his access to legal resources, and the

ability to understand and present such authority. While Collins expresses his fear of retaliation from the administration at SCI-Dallas for filing the instant lawsuit, there are no allegations or any indication that Defendants have in any way attempted to harm or retaliate against Collins since the filing of this action.

It cannot be said, at least at this point, that Collins will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Collins' apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Collins.

### B. Motions to Amend the Complaint

Collins has filed two (2) documents he labels as motions for leave to file an amended complaint. (Doc. Nos. 18, 20.) In reviewing each of these filings, Collins only seeks to submit attached exhibits in support of his complaint. Specifically, the exhibits are copies of grievances he filed and the appeals therefrom with respect to the claims set forth in his complaint. The Court will grant his motions, and the exhibits attached to Documents 18 and 20 will be construed to be part of the complaint.[1]

### C. Motion for Extension of Time

Also pending is Defendant's motion to dismiss the complaint. In light of the Court's

---

[1] While it does not appear that Collins served these documents on the Defendants, Defendants are able to access the exhibits through CM-ECF.

decision to allow Plaintiff to submit the exhibits referenced above, Defendants will be afforded fourteen (14) days within which to supplement their pending motion to dismiss, if they so desire. Collins' motion for extension of time within which to oppose the motion to dismiss will be granted to the following extent.  If Defendants submit a supplement to their motion,  Collins' will have fourteen (14) days from the filing of the supplement to file his opposition brief.  If no supplement is filed, Collins will be afforded thirty (30) days from the date of this Memorandum and Order within which to oppose Defendants' motion.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| FREDERICK COLLINS, | : | CIVIL NO. 1:CV-09-1932 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JEROME WALSH, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 9th day of August, 2010, upon consideration of the following motions pending in this action, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. No. 8) is **denied without prejudice**.

2. Plaintiff's motions to amend the complaint (Doc. Nos. 18, 20) are **granted** only to the extent that the exhibits attached to the motions are construed to be supplements to the complaint in this action.

3. Within fourteen (14) days from the date of this Order, Defendants may file a supplement to their motion to dismiss, if they so desire. Plaintiff's motion for extension of time to respond to Defendants' motion (Doc. No. 19) is **granted** in the following respects. If a supplement is filed by Defendants, Plaintiff shall have fourteen (14) days therefrom to file his opposition to the motion. If no supplement is filed, Plaintiff shall have thirty (30) days from the date of this Order to file his brief in opposition to the motion to dismiss.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania