# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | CIVIL NO. 1:CV-09-1932 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Frederick Collins ("Collins"), an inmate confined at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on the original complaint and three (3) supplements thereto. (Doc. Nos. 1, 4, 18, 20.) Named as Defendants are Pennsylvania Department of Corrections ("DOC") employees Jeffrey Beard, Secretary, and Dorina Varner, Chief Grievance Officer. Also named are the following SCI-Dallas employees: Jerome Walsh, Superintendent; Vincent Mooney, Deputy Superintendent; Rebecca Mooney, Program Supervisor; Ann Chiampi, School Principle; Lieutenant Patterson; and Correctional Officers Bath, Romonoski and Salsman. Presently before the Court for consideration is Defendants' motion to dismiss the complaint. (Doc. No. 14.) For the reasons that follow, the motion will be granted in part and denied in part.[1]

**I.    Background**

In the complaint Collins alleges that on June 8, 2009, Defendant Salsman requested oral sex from him in the staff bathroom on A-Block. Collins did not oblige, but rather called a sexual

---

[1] Also pending is a motion filed by Collins "for court order of medical records." (Doc. No. 33.) In light of the present procedural status of this case, the motion will be denied without prejudice to any right Collins may have to request the production of these documents by serving an appropriate discovery request upon Defendants.

harassment hotline to report the incident. When Collins was later called to the security office to investigate the claim, he was asked to recant his claim, but refused to do so. On June 13, 2009, Collins filed a grievance with regard to the incident that was later denied by Defendant Patterson. His appeal from this decision was also denied. Collins states he thereafter pursued an appeal to the Central Office, as well as wrote letters to Defendant Beard and the Pennsylvania Ethics Commission.

In this action Collins challenges the denial of his grievance and the appeals therefrom. He also claims he was subjected to retaliation due to the claims he made against Salsman. In particular, he states that Salsman retaliated against him when he moved him from A-Block to B-Block, and also when he was denied a job. He further claims that he was retaliated against for calling the hotline by Defendant Romonoski, who issued a false misconduct report against him in August of 2009 for fighting with an unknown inmate. Collins claims he was never in any such fight, and that when taken to the infirmary there was no evidence that he had been in a fight. Following a hearing, he was found guilty of the misconduct, and sanctioned to 30 days in the Restricted Housing Unit ("RHU").

Collins also alleges that while confined in the RHU, Defendants Bath and other RHU officers subjected him to cruel and unusual conditions. He states that these conditions led to the suicide of another inmate confined in the RHU. Collins specifically alleges that he was not fed, and that he was repeatedly told to kill himself. He states that following his release from the RHU the retaliation continued when his library privileges were suspended. As relief he seeks monetary damages.

Defendants have filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) wherein they seek to

dismiss (1) all claims against Defendants for monetary damages in their official capacities; (2) any claims against Defendants Beard, Patterson, Mooney, Mooney, Chiampi, Varner and Walsh due to Plaintiff's failure to allege any personal involvement; and (3) the Eighth Amendment cruel and unusual punishment claim against Defendant Bath on the basis that it is conclusory.

## II. Discussion

### A. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, 341 Fed. Appx. 752, 755 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009)). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

**B.    Analysis**

**1.    Claims against Defendants in their official capacities**

Defendants seek the dismissal of all claims for monetary damages set forth against them in their official capacities. The Court agrees that these claims are subject to dismissal. Unless consented to by the state, the Eleventh Amendment prevents suits from being brought in federal court against a state or one of its agencies or departments for money damages. Pennhurst v. Halderman, 465 U.S. 89, 99-100 (1984). A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state, and as such, barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

**2.    Personal Involvement**

Defendants also seek the dismissal of claims against Defendants Beard, Varner, Walsh, Mooney, Mooney, Patterson and Chiampi on the basis of Plaintiff's failure to allege personal involvement in the alleged violations. It is well-established that civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir.

4

1976).  Liability cannot be based solely on the basis of a defendant's supervisory capacity, that is, there must be allegations that the official had knowledge or acquiesced in any purported acts of constitutional mistreatment.  In the instant case, it is clear there is no personal involvement alleged with respect to Defendants Mooney, Mooney and Chiampi in that other than being listed in the caption of the complaint, there are no allegations set forth against them.  Accordingly, the motion to dismiss will be granted with respect to these Defendants.

Collins seeks to impose liability on Defendants Walsh, Beard, Varner and Patterson due to their denial of his grievance and the appeals therefrom.  In reviewing the complaint his claims appear to be two-fold.  He appears to set forth both a due process claim and a retaliation claim against Defendants.  He first maintains that Defendants violated his due process rights due to their role in responding unfavorably to his grievance/appeals.  This allegation is insufficient to show the required personal involvement for stating a due process claim under § 1983.

The law is well-settled that there is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977).  Even if a prison provides for a grievance procedure, as the DOC does, violations of those procedures do not amount to a civil rights cause of action.  Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995).  Further, a supervisory defendant's involvement that he responded unfavorably to an inmate's later-filed grievance does not state a claim under § 1983.  See Atwell v. Lavan, 557 F. Supp.2d 532, 547 (M.D. Pa. 2008); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997).  For these reasons, any such due process claims will be dismissed on the basis of failure to state a claim.

However, Collins also sets forth a retaliation claim with respect to these same

5

Defendants. He alleges that Defendants denied his grievance/appeals in retaliation for reporting Defendant Salsman's conduct via the sexual harassment hotline. Defendants do not move to dismiss the retaliation claim and, as such, it will proceed.

### 3. Eighth Amendment claim against Defendant Bath

The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials. U.S. CONST. amend. VIII; see also Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Whitley v. Albers, 475 US. 312, 319 (1986). It imposes an affirmative duty on prison officials to provide humane conditions of confinement, see Farmer v. Brennan, 511 U.S. 825, 832-33 (1994), and to not deprive inmates of one or more basic human needs. Helling v. McKinney, 509 U.S. 25, 32 (1993). However, the Eighth Amendment does not mandate that prisons be free of discomfort. Farmer, 511 U.S. at 833 (quoting Rhodes, 452 U.S. at 349). "No static test determines whether conditions of confinement are 'cruel and unusual.' These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society." Tillery v. Owens, 719 F. Supp. 1256, 1261 (W.D. Pa. 1989)(citing Rhodes, 452 U.S. at 346).

To establish an Eighth Amendment claim, Plaintiff must show that he has been deprived of "the minimal civilized measure of life's necessities." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997)(quoting Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)). This includes a demonstration that the conditions of confinement pose "a substantial risk of serious harm" to Plaintiff's health or safety. Farmer, 511 U.S. at 834. The focus in making this determination is on the totality of the circumstances and the duration of the alleged deprivation. See Wilson v. Seiter, 501 U.S. 294, 304-05 (1991)(citations omitted). In addition to showing that the conditions

pose a significant risk of serious harm, the inmate must show that the person responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The inquiry is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety. Farmer, 511 U.S. at 837.

Plaintiff alleges that he was subjected to cruel and unusual punishment while confined in the RHU. He states that he was sanctioned to confinement in the RHU for a period of thirty (30) days. He specifically contends that Defendant Bath and other RHU officials subjected him to abuse by regularly telling him to kill himself, and also by not feeding him. (Doc. No. 1 at 3, Doc. No. 4 at 2.) He states that due to this type of abuse another inmate in the RHU committed suicide. Plaintiff claims that because of Bath's actions, he suffers from mental and emotional distress, pain and suffering, psychological injuries and psychosomatic conditions. Without passing judgment as to the ultimate success of Plaintiff's Eighth Amendment claim, the Court finds that his allegations have enough facial plausibility to survive Defendants' motion to dismiss.

**4.    Remaining claims**

In their pending motion, Defendants have not moved to dismiss any of the retaliation claims. As such, they will proceed. The claims of alleged retaliation consist of the following: (1) Defendants' denial of Collins' grievance/appeals therefrom; (2) the issuance of the false misconduct by Defendant Romonoski; (3) the transfer from A-Block to B-Block and the loss of a prison job; and (4) the denial of access to the law library following the release of Collins from the RHU. In addition, Collins' Eighth Amendment claim against Bath will also proceed. Defendants will be directed to file a response to the remaining claims in the complaint within

twenty (20) days.   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | CIVIL NO. 1:CV-09-1932 |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| Defendants | : | |

# ORDER

**AND NOW,** this 22nd day of September, 2010, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss (Doc. No. 14) is **granted in part and denied in part**. The motion is **granted** with respect to (1) all claims for monetary damages against Defendants in their official capacities; (2) all claims set forth against Defendants Mooney, Mooney and Chiampi; and (3) all due process claims set forth against Defendants Beard, Varner, Walsh and Patterson. The motion is **denied** with respect to the Eighth Amendment claim set forth against Defendant Bath, and in all other respects.

2. Plaintiff's motion for court to order medical records (Doc. No. 33) is **denied without prejudice**.

3. Remaining in this action are all retaliation claims and the Eighth Amendment claim. Defendants shall file an answer to the remaining claims within twenty (20) days from the date of this Order.


    ____s/ *Yvette Kane*___
    YVETTE KANE, Chief Judge
    Middle District of Pennsylvania