IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | CIVIL NO. 1:CV-09-1932 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Frederick Collins filed this civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania. The matter proceeds on the original complaint and supplements thereto. (Doc. Nos. 1, 4, 18 and 20.) Named as Defendants are Pennsylvania Department of Corrections ("DOC") employees Jeffrey Beard, former Secretary, and Dorina Varner, Chief Grievance Officer. Also named are the following SCI-Dallas employees: Jerome Walsh, Superintendent; Vincent Mooney, Deputy Superintendent; Rebecca Mooney, Program Supervisor; Ann Chiampi, School Principle; Lieutenant Patterson; and Correctional Officers Bath, Romonoski and Salsman. In the complaint, Collins alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, retaliation and the denial of due process. On September 22, 2010, the Court issued a Memorandum and Order granting in part and denying in part a motion to dismiss filed by Defendants. (Doc. No. 34.) Defendants Mooney, Mooney and Chiampi were dismissed from this action. All other Defendants remain. All retaliation claims and the cruel and unusual punishment claim proceed. An answer to the remaining claims was filed by Defendants on October 29, 2010. (Doc. No. 43.) Presently pending before the Court is Collins' motion for temporary restraining order (Doc. No. 35) and second motion for the appointment of counsel

(Doc. No. 46). For the reasons that follow, the motion for injunctive relief will be denied as moot and the motion for counsel will be denied without prejudice.

**I.      Background**

In the complaint Collins alleges that on June 8, 2009, Defendant Salsman requested oral sex from him in the staff bathroom on A-Block. Collins did not oblige, but rather called a sexual harassment hotline to report the incident. When Collins was later called to the security office to investigate the claim, he was asked to recant his claim, but refused to do so. On June 13, 2009, Collins filed a grievance with regard to the incident that was later denied by Defendant Patterson. His appeal from this decision was also denied. Collins states he thereafter pursued an appeal to the Central Office, as well as wrote letters to Defendant Beard and the Pennsylvania Ethics Commission.

In this action Collins challenges the denial of his grievance and the appeals therefrom. He also claims he was subjected to retaliation due to the claims he made against Salsman. In particular, he states that Salsman retaliated against him when he moved him from A-Block to B-Block, and also when he was denied a job. He further claims that he was retaliated against for calling the hotline by Defendant Romonoski, who issued a false misconduct report against him in August of 2009 for fighting with an unknown inmate. Collins claims he was never in any such fight, and that when taken to the infirmary there was no evidence that he had been in a fight. Following a hearing, he was found guilty of the misconduct, and sanctioned to 30 days in the Restricted Housing Unit ("RHU").

Collins also alleges that while confined in the RHU, Defendants Bath and other RHU officers subjected him to cruel and unusual conditions. He states that these conditions led to the

suicide of another inmate confined in the RHU.  Collins specifically alleges that he was not fed, and that he was repeatedly told to kill himself.  He states that following his release from the RHU the retaliation continued when his library privileges were suspended.  As relief he seeks monetary damages.

Collins filed a motion seeking a temporary restraining order in this action.  (Doc. No. 35.)  In the motion he alleges that he is being harassed by Defendant Romonoski, a correctional officer in the RHU at SCI-Dallas.  He believes that Romonoski had two non-Defendant correctional officers at SCI-Dallas assault him, and claims he has threatened to file a false assault charge against him.  Collins further asserts that other correctional officers at SCI-Dallas not named as defendants in this action are denying him dinner trays.  Collins seeks injunctive relief against these SCI-Dallas officers due to his fear of physical force and starvation.

Collins has also filed a second motion for counsel.  (Doc. No. 46.)  In the motion, he contends that he is unlearned in the law and lacks a proper understanding of legal principles, has limited access to the law library and is unable to afford a lawyer.  He further argues that although he use to have an inmate assisting him with his legal work, this is no longer the case.  Collins also claims that he suffers from "mild retardation" for which he takes medication, and argues that Defendants will not be prejudiced if counsel is appointed.  (Id. at 1-2.)

**II.   Discussion**

    **A.   Motion for Temporary Restraining Order**

Without unnecessary elaboration, the pending motion for temporary restraining order will be denied as moot.  When Collins filed the motion, he was confined at SCI-Dallas.  In the motion, he complains about conduct by SCI-Dallas officers, only one of whom is even named as

a Defendant in this action. Regardless, where a plaintiff seeks injunctive relief against prison officials in whose controls he no longer resides or against a prison in which he is no longer housed, there is no longer a live controversy and a court cannot grant injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998). A prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions).

In the instant case Collins was transferred out of SCI-Dallas to SCI-Coal Township in December of 2010. He has been confined at SCI-Coal Township since that time. As such, it is clear that the pending motion for injunctive relief must be denied as moot.

**B.  Motion for Counsel**

Also pending is Collins' second request for counsel in this case. His first motion was denied by Memorandum and Order dated August 9, 2010. (Doc. No. 27.) In said opinion, the Court set forth the factors to be examined in determining whether the appointment of counsel for a prisoner is warranted in a civil case. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). These principles will not be repeated herein. Many of the arguments advanced by Collins in the instant motion for counsel have previously been considered by the Court and found not to warrant the appointment of counsel in this matter. For example, the Court has previously found that although Collins claims to be unlearned in the legal field and unable to afford counsel, he is clearly capable of litigating this action on his own at this point. The docket reveals that he is literate and is able to prepare and

submit filings on his behalf, as well as comprehend filings submitted by Defendants. Although Collins claims that he had inmate assistance when he was confined at SCI-Dallas, but no longer has help since his transfer to SCI-Coal Township, the docket reveals that he is clearly capable of continuing to litigate this matter pro se. While Collins states that he suffers from "mild retardation" and takes medication, there is no evidence that any such condition impairs his ability to litigate his matter or warrants the appointment of counsel at this time. Further, although his access to the law library may be limited, he does have some access to legal resources for purposes of preparing his case. For these reasons, the instant motion for counsel will be denied, but without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed with the Court. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FREDERICK COLLINS,** : CIVIL NO. 1:CV-09-1932
    **Plaintiff,** :
     : **(Chief Judge Kane)**
    **v.** :
     :
**JEROME WALSH, et al.,** :
    **Defendants** :

## ORDER

**AND NOW,** this 6th day of July, 2011, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for temporary restraining order (Doc. No. 35) is **denied as moot.**

2. Plaintiff's motion for counsel (Doc. No. 46) is **denied without prejudice**.

3. All discovery in this matter shall be completed by the parties within sixty (60) days from the date of this order. Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

                      ___s/ Yvette Kane_____
                      YVETTE KANE, Chief Judge
                      Middle District of Pennsylvania