**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | **CIVIL NO. 1:CV-09-1932** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Frederick Collins ("Collins"), an inmate currently confined at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania. The remaining Defendants in this matter are former Department of Corrections ("DOC") Secretary Jeffrey Beard, DOC Chief Grievance Officer Dorina Varner, and several employees of SCI-Dallas, Collins' former place of incarceration.[1] Along with the complaint, Collins submitted a document entitled "Statement of Facts" (Doc. No. 4) and exhibits (Doc. No. 18), which have been construed as part of the complaint. Following a Memorandum and Order issued by the Court on September 22, 2010 addressing Defendants' motion to dismiss, several retaliation claims and an Eighth Amendment conditions of confinement claim remain in this action. (Doc. No. 34.) The parties have engaged in discovery. Presently before the Court is Collins' third motion seeking the appointment of counsel (Doc. No. 60). Also pending is Defendants' motion for sanctions against Plaintiff for failure to respond to interrogatories. (Doc. No. 61.) For the reasons that follow, the motion for counsel will be denied without prejudice. In addition, Defendants' motion for sanctions will be denied, however

---

[1] These SCI-Dallas employees are Superintendent Jerome Walsh, Lieutenant R. Patterson, and Corrections Officers Bath, Romonoski and Salsman.

Plaintiff will be directed to supplement his response to interrogatory #1.

**II.    Discussion**

    **A.    Motion for Counsel**

On two prior occasions, Collins has been unsuccessful in seeking the appointment of counsel in this matter. (Doc. No. 27, 55.) Pending is his third request wherein he simply argues that he does not know how to respond to Defendants' interrogatories, he is unlettered in the law and is "mildly retarded." (Doc. No. 60 at 1.)

As set forth in the earlier opinions issued by this Court, while prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Collins' case has arguable merit in law and the facts, particularly in light of the fact that he was partially successful in opposing Defendants' motion to dismiss.

Next, upon successfully clearing the above hurdle, the Court must examine the following factors:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Collins' motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. As with his prior motions, the pleadings submitted thus far do not contain complicated legal issues. Although Collins claims he is "mildly retarded," his filings clearly reveal that he it literate and has no difficulty comprehending the instant litigation. He has both filed and opposed motions, as well as engaged in discovery. While he requests the assistance of counsel to respond to Defendants' discovery requests, he has already provided answers thereto that are, for the most part, adequate. Further, although Collins argues that he has little legal knowledge, he sets forth legal argument and citation to relevant case law in the motions he has submitted, thus clearly demonstrating his access to legal resources, and the ability to understand and present such authority. For these reasons, the Court is unable to conclude at this point that Collins will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Collins'

apparent ability to litigate this action, weigh against the appointment of counsel. As such, his pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Collins.

      **B.**      **Motion for Sanctions**

Rules 26 through 37 of the Federal Rules of Civil Procedure govern the process of factual discovery for federal civil litigation. These discovery rules set forth the consequences for a party's failure to cooperate in the discovery process. Rule 37 speaks specifically to the failure to make disclosures or to cooperate in discovery and the appropriate sanctions. Defendants have filed a motion requesting the Court to impose sanctions upon Collins pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with a discovery order. They argue that Collins was served with interrogatories on February 9, 2011, and failed to respond thereto. Thereafter, Defendants sent him a letter and enclosed another copy of the discovery requests. When Collins again failed to respond, a motion to compel was filed. (Doc. No. 56.) By order dated September 12, 2011, the Court directed Collins to respond to the interrogatories within fourteen (14) days. (Doc. No. 59.) When he failed to do so, Defendants sent him another letter requesting that he provide them with his responses no later than October 19, 2011. They further informed Collins that if he failed to do so, a motion for sanctions would be filed with the Court. (Doc. No. 61, Ex. C.)

Collins served Defendants with his responses to the outstanding discovery request on or about October 14, 2011. (Id., Ex. D.) In the pending motion for sanctions, Defendants maintain that the responses contain only conclusory statements reiterating the claims in his complaint, and are not responsive to the interrogatory questions posed. They file the instant motion for sanctions seeking to limit the facts upon which Collins may rely to those asserted in his

complaint and those contained within his response to the interrogatory questions.

Rule 37(b)(2)(A) authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

It is undisputed that Collins initially failed to respond to Defendants' discovery request and motion to compel discovery. He was thereafter directed by the Court to serve responses to the discovery requests on Defendants within 14 days, and failed to do so. Defendants thereafter directed a letter to Collins allowing him to respond to the discovery no later than October 19, 2011. They admit that Collins did serve them with responses on or about October 14, 2011, but claim the answers were non-responsive.

Whether to impose sanctions for failure to comply with discovery orders is committed to the Court's discretion. See Barbee v. SEPTA, 323 F. App'x 159, 162 (3d Cir. 2009); Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007). In exercising this discretion, the Court "should avail itself of its inherent sanctioning power only when absolutely necessary." Klein v. Stahl GMBH & Co., 185 F.3d 98, 109 (3d Cir. 1999).

In the instant case, there is no question that Collins initially failed to respond to Defendants' discovery requests, even after he was directed to do so pursuant the Court's directive following the filing of the motion to compel. However, Defendants thereafter notified Plaintiff and requested the responses no later than October 17, 2011. Responses were served upon Defendants on or about October 14, 2011. On these facts, the Court is hesitant to impose

the sanctions requested by Defendants.  Further, it actually appears that Defendants request sanctions based upon the quality of the responses received, and not because of when the responses were submitted.

Defendants served Collins with four (4) interrogatory questions.  With respect to all interrogatories except perhaps interrogatory #1, the Court finds that his answers are responsive.  In Interrogatory #2, Collins is asked to identify all documents, including request slips to staff members, grievances, and appeals therefrom, personal notes, letters or journals that relate to his allegations.  In responding thereto, he lists fourteen (14) different documents including grievances, appeals, misconduct reports and letters.  He provides dates as well as the names of individuals involved with respect to the documents.  In interrogatory #3, Defendants ask Collins to state the facts upon which he bases his statement that he has completed the grievance process.  In answering this question, Collins lists each step of the grievance process he pursued, identifying the grievance number and to whom he submitted the grievance/appeal.  In interrogatory #4, Defendants ask Collins to identify any persons whom he intends to call as non-expert witnesses on his behalf at the trial of this case.  In response to the question, he answers that he has no material witnesses at this time.  These answers are found to be responsive to the questions asked.

In interrogatory #1, Defendants seek specific facts upon which the claims against Defendants are based.  In responding to the question, Defendants direct Collins' attention to Instruction 14 of the interrogatories.  Instruction 14 requires that he specify the dates of events, as well as identify all communications, persons and documents concerning information related to the subject matter.  In responding to interrogatory #1, Collins identifies each Defendant and the

claim(s) raised with respect to each Defendant.  While he does not identify documents relating to his claims, Defendants specifically pose this question in interrogatory #2 which has been answered by Collins.  Further, in reviewing the complaint, supporting statement of facts and exhibits, much of the information requested by Defendants is set forth therein.  When Defendants received Collins' responses, discovery was still ongoing and Defendants were free to conduct the deposition of Collins if they wanted to obtain additional details.[2]  They did not do so.  However, with this said, Collins did not identify any persons with knowledge of the facts relating to the subject matter of the instant claims, if any such persons exist.   As such, while the pending motion for sanctions will be denied, Collins will be directed to supplement his answer to interrogatory #1 to the extent that he is to identify any such persons having knowledge of facts relating to the claims set forth in the complaint.  He is to serve his supplemental response on Defendants within fourteen (14) days.  An appropriate order follows.

---

[2]  Defendant states that responses to the interrogatory questions were served on or about October 14, 2011.  Discovery in this case closed on November 7, 2011.  (Doc. No. 59.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | **CIVIL NO. 1:CV-09-1932** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 6th day of February 2012, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. No. 60) is **denied without prejudice**.

2. Defendants' motion for sanctions (Doc. No. 61) is **denied**. Within fourteen (14) days from the date of this order, Plaintiff shall serve on Defendants a supplemental response to interrogatory #1 in accordance with the attached Memorandum.

          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania