IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | Civil Action No. 1:09-cv-1932 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by the Defendants remaining in this action. (Doc. No. 63.) For the reasons that follow, the Court will grant the motion as unopposed.

**I.   BACKGROUND**[1]

On December 7, 2011, all Defendants remaining in this action filed a motion for summary judgment with respect to all claims that the Court had not previously dismissed. (Doc. No. 63.) Because Plaintiff failed to file any opposition to the motion, the Court issued an order on April 5, 2012, directing him to do so within fourteen days. (Doc. No. 67.) The Court warned Plaintiff that the failure to file a brief in opposition, statement of facts, and evidentiary materials would result in the motion being deemed unopposed. To date, Plaintiff has failed to file any opposition; accordingly, Defendants' motion for summary judgment will be deemed unopposed and addressed on the merits.

Plaintiff was confined at SCI-Dallas from the time of the events giving rise to this complaint through October 5, 2009. (Doc. No. 65 ¶ 2.) At some time between June 8, 2009, and

---

[1] Because Plaintiff has failed to file a statement of facts in response to Defendants' submission, the Court will accept Defendants' statement of material facts as uncontested. See Miller v. Ashcroft, 76 F. App'x 457, 460 (3d Cir. 2003).

June 18, 2009, he called a sexual harassment hotline alleging that Defendant Salsman, a correctional officer at SCI-Dallas, had sexually harassed him on June 8, 2009.  (Id. ¶ 3.)  On or about June 16, 2009, Plaintiff filed inmate grievance #277039 that alleged sexual harassment by Salsman on June 8, 2009, and challenged a subsequent block transfer.  (Id. ¶ 4.)  In his grievance, Plaintiff did not request monetary relief.  (Id. ¶ 5.)  This grievance was assigned to Defendant Patterson for an investigation and response.  (Id. ¶ 10.)  Following an investigation of Plaintiff's claims, Patterson issued an initial review decision denying the grievance on June 19, 2009.  (Id. ¶ 11.)  Plaintiff appealed this decision to SCI-Dallas Superintendent Klopotoski on or about June 26, 2009.  (Id. ¶ 12.)  Klopotoski upheld the initial review response on July 6, 2009.  (Id. ¶ 13.)  Plaintiff then appealed Klopotoski's decision to the Secretary's Office for Inmate Grievances and Appeals for final review on July 14, 2009.  (Id. ¶ 14.)  On August 12, 2009, following review of the relevant documents, Defendant Varner denied the appeal.  (Id. ¶ 15.)

On July 10, 2009, Plaintiff filed another grievance, #280286, wherein he alleged that Defendant Salsman transferred him from A-block to B-block in retaliation for the sexual harassment claims Plaintiff made against him.  (Id. ¶ 16.)  Because grievance #280286 was submitted more than fifteen working days after the alleged events, the SCI-Dallas Grievance Coordinator rejected it as untimely.  (Id. ¶ 17.)  Plaintiff did not appeal.  (Id. ¶ 18.)

Defendant Romonoski cited Plaintiff for fighting on August 19, 2009.  (Id. ¶ 22.)  A hearing regarding this citation was held on August 24, 2009.  (Id. ¶ 31.)  Following the hearing, the Hearing Examiner found Plaintiff guilty of fighting and sanctioned him to thirty days of confinement in the Restricted Housing Unit at SCI-Dallas.  (Id.)  Plaintiff appealed the

misconduct hearing results to the Program Review Committee on or about August 24, 2009, claiming that the finding of guilt was not supported by the evidence and that his confinement was a disproportionate punishment for the alleged offense. (Id. ¶ 32.) The Program Review Committee sustained the result, and Plaintiff appealed that decision to Superintendent Klopotoski on or about September 3, 2009. (Id. ¶¶ 33-34.) Klopotoski upheld the misconduct and denied the appeal in a decision dated September 8, 2009. (Id. ¶ 35.) Approximately one day later, Plaintiff appealed to final review, and the misconduct was upheld. (Id. ¶ 36.)

In sum, Plaintiff filed four grievances and related appeals from the time of the alleged sexual harassment incident until the date he filed his complaint: #277039, #280286, #288134, and #290423. With the exception of grievance #277039, Plaintiff did not appeal any of the above-mentioned grievances to final review. (Id. ¶ 21.) Although #277039 and #280286 do address claims raised in the complaint, Defendants maintain that the undisputed record demonstrates that all of the claims raised in this action are procedurally defaulted due to Plaintiff's failure to exhaust as required by the Department of Corrections Administrative Directive 804. (Doc. No. 64 at 8.)

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.  Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

## III.   DISCUSSION

On December 7, 2011, Defendants filed a motion for summary judgment with respect to all claims that the Court had not previously dismissed. (Doc. No. 63.) Defendants argue that they are entitled to summary judgment because Plaintiff has procedurally defaulted on his claims by failing to exhaust administrative remedies as required by statute. (Doc. No. 64 at 5.) Plaintiff failed to file any opposition to the motion. The Court will review the record to determine whether Defendants must prevail as a matter of law.

Defendants maintain that Plaintiff has procedurally defaulted on his claims by failing to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Pursuant to 42 U.S.C. § 1997e(a), the exhaustion of administrative remedies is mandatory. Booth v. Churner, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief sought. Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Id. at 73 (internal quotation marks omitted); see also Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or

any other federal law. Jones v. Bock, 549 U.S. 199, 211 (2007). Nevertheless, "[f]ailure to exhaust is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing Ray v. Kertes, 285 F.2d 287, 295 (3d Cir. 2002)).

Based on the undisputed facts, the Court finds Plaintiff has procedurally defaulted his claims. Plaintiff filed only two grievances regarding the claims raised in this complaint: Grievance #277039 and #280286. Grievance #277039 was filed on or about June 16, 2009, and alleged sexual harassment by Defendant Salsman on June 8, 2009, as well as a subsequent retaliatory block transfer from A-block. Plaintiff appealed this grievance through final review. In this grievance, however, he failed to request monetary relief, the only relief he seeks in his complaint. In cases where the inmate is seeking compensation, however, he must have requested this relief in his original grievance. DC-ADM 804 § VI (A)(7) ("If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the specific relief sought in his/her initial grievance.").

In grievance #280286, Plaintiff challenged the alleged retaliatory transfer from A-block on June 12, 2009. This grievance was filed on or about July 10, 2009, but was rejected as untimely because it was submitted more than fifteen working days after the alleged events transpired. Plaintiff did not appeal this rejection.

Plaintiff did not file any grievances pursuant to DC-ADM 804 with respect to the remaining claims set forth in the complaint against Defendants Beard, Varner, Walsh, Patterson, Bath and Romonoski. Accordingly, Plaintiff has also procedurally defaulted with respect to these claims.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK COLLINS,** | : | Civil Action No. 1:09-cv-1932 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JEROME WALSH, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** on this 15th day of August 2012, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment (Doc. No. 63) is **DEEMED UNOPPOSED AND GRANTED**;

2. The Clerk of Court is directed to enter judgment in favor of Defendants Walsh, Beard, Salsman, Romonoski, Bath, Patterson and Varner on all claims and against Plaintiff in this case;

3. The Clerk of Court is directed to close this case; and

4. Any appeal from this order will be deemed frivolous and not taken in good faith.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania